97 A.3d 1140

IN THE MATTER OF MARC D. MANOFF, AN ATTORNEY
AT LAW (ATTORNEY NO. 004941990).

September 9, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–335, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **MARC D. MANOFF** of **WAYNE, PENNSYLVANIA,** who was admitted to the bar of this State in 1990, and who has been temporarily suspended from practice since February 16, 2011, should be suspended from the practice of law for a period three years, retroactive to the date of the temporary suspension, based on his guilty plea in the United States District Court for the Eastern District of Pennsylvania to one count of conspiracy to commit securities fraud, and two counts of securities fraud, conduct that in New Jersey violates *RPC* 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonest, fraud, deceit, or misrepresentation);

And **MARC D. MANOFF** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **MARC D. MANOFF** is suspended from the practice of law for a period of three years, retroactive to February 16, 2011, and until the further Order of the Court; and it is further

ORDERED that respondent shall not be reinstated to the practice of law in New Jersey unless and until he is reinstated to practice in Pennsylvania; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.